### CONCORD v. BURLEIGH.

A custom or usage contrary to the express terms of a statute or city ordinance cannot be sustained.

The reasonable expense incurred by a city in removing from the highway an obstruction that makes it impassable may be recovered of the person who has caused the obstruction and refuses or neglects to remove it.

ASSUMPSIT, for the expense of removing a building from a street in Concord. Facts found by the court.

June 7, 1890, the plaintiffs' mayor gave the defendant a written license to move a wooden building, then situate on Spring street, through the streets to her lot on Marshall street. One ordinance of the city provided that " No person shall move or assist in moving any . . . building through any street . . . in the city, without first obtaining a written license from the mayor and aldermen." Another ordinance forbade any person to erect, move, or enlarge any wooden building within the limits of the fire precinct, without the consent of the mayor and aldermen. For many years the mayors of Concord have given licenses to move buildings through the streets of the city without concurrence of or objection by the aldermen, but whether the

authority was exercised with or without their knowledge is not found.  Between June 10 and June 12, 1890, at which time the defendant's lot on Marshall street was within the fire precinct, the defendant, without authority other than the license of the mayor, moved the building into Spring street, substantially covering it between the sidewalks so that teams could not pass. June 12, 1890, on petition of the plaintiffs, an injunction was obtained restraining the defendant from placing the building upon her lot until leave should be procured from the mayor and aldermen.  Subsequently, on the defendant's petition, leave was refused, and her application for a dissolution of the injunction was denied.  After the injunction was granted, the plaintiffs requested the defendant to remove the building, and, after her application to dissolve the injunction was denied, again notified her in writing to remove it, and informed her that unless she did so it would be removed at her expense.  She did not remove it, and two or three days thereafter the plaintiffs caused it to be moved beyond the limits of the fire precinct, incurring thereby the expense which they seek to recover.

*Harry G. Sargent*, for the plaintiffs.

*Defendant, pro se.*

ALLEN, J.  The authority of the city council to adopt the ordinances—in legal effect, local statutes—is unquestionable. G. L., *c.* 48, *s.* 10, *cl.* vii.  The mayor's license without the concurrence of the aldermen did not authorize the defendant to move the building into or through the streets.  The fact that a license by the mayor alone had been customarily given and acted upon as sufficient authority cannot avail her against the express terms of the ordinance.  *Fisher* v. *Steward*, Smith (N. H.) 60, 62; *Rogers* v. *Allen*, 47 N. H. 529; *Scribner* v. *Hollis*, 48 N. H. 30.

The defendant was enjoined from placing the building upon her lot because the lot was within the limits of the fire precinct, and the ordinance forbade the erection or the placing of any wooden building thereon without the permission of the mayor and aldermen.  It was her duty to obtain the required permission to put the building upon her lot, as well as permission to move it thereto through the streets, before she entered upon the work of removal, or at least before she moved it into the street.  Without lawful authority she moved the building into the public highway. It made the street impassable by teams, and was a public nuisance. So long as it remained there it was practically a destruction of the highway.  The plaintiffs were bound by law to restore it and make it passable, and for their neglect to do so were liable to indictment and fine.  G. L., *c.* 74, *s.* 1.  They were also primarily liable in damages to any traveller injured in consequence of the

obstruction. G. L., *c.* 75, *s.* 1. Towns and cities, being bound by law to maintain and keep in repair the highways within their limits, have a property interest therein, and may recover damages of any person who wilfully or negligently destroys or injures the ways. *Hooksett* v. *Amoskeag Co.*, 44 N. H. 105; *Laconia* v. *Gilman*, 55 N. H. 31. Upon the facts found, the measure of the damages to which the plaintiffs are entitled is the reasonable cost of restoring to use and making passable the street, or, in other words, of removing the building. The defendant does not claim that the sum charged by the plaintiffs is unreasonable.

To the form of action, no objection has been taken. Whether it is or is not the proper form, is a question not considered. *Peaslee* v. *Dudley*, 63 N. H. 220.

*Exceptions overruled.*

BLODGETT, CARPENTER, and CHASE, JJ., did not sit: the others concurred.