Sullivan,
Dec. 6, 1927.

RUSSELL JARVIS *v.* CLAREMONT.

*Barton & Shulins (Mr. Barton* orally), for the plaintiff.

*Henry S. Richardson* and *Ira G. Colby (Mr. Colby* orally), for the defendant.

BRANCH, J. It is the contention of the defendant that it is not liable in this action because its agents "proceeded in accordance with Chapter 77 of the Public Statutes in taking, removing and selling

the wood." Section 1 of the statute above referred to, now to be found in P. L., c. 92, provides that "if any timber, lumber, stone or other thing is upon a highway, encumbering it, the highway surveyor . . . may immediately remove the encumbrance, and hold the same in his possession until the costs of such removal are paid." Sections 2 and 3 provide that if the owner shall pay the cost of removal, the property shall be returned to him, but if he does not, that it may be sold upon four days' notice, the proceeds applied in payment of the cost of removal and the balance, if any, paid to the owner. The plaintiff contends that the foregoing provisions which make the cost of removal a charge against the incumbrance apply only "to obstructions that have been placed in a highway either through negligence or the wilful conduct of some individual." The key to the meaning of the statute is to be found in its history.

In addition to the remedy by independent action of the highway surveyor provided in the three sections above referred to, sections four, five and six of the same chapter authorize an alternative method of procedure for the removal of incumbrances. These sections provide that "the surveyor . . . may, if he choose, give reasonable notice to the owner or person leaving any such encumbrance to remove the same; and upon his neglect or refusal, . . . may make complaint thereof to a justice of the peace;" that the justice shall then order a hearing upon the complaint, and may thereafter issue his warrant to the surveyor to remove the incumbrance "and to sell so much thereof as may be necessary to pay the legal costs, . . . and three times the price of the labor of removing the same to be estimated by the justice. . . . If the proceeds of the sale are insufficient to pay the sums specified in the warrant, he may recover the balance unpaid by action on the case against the person leaving the same." That the two forms of procedure thus outlined were designed by the legislature to be merely alternative methods of dealing with the same situation is clearly indicated by the words giving the surveyor the right to "choose" which course he will pursue. Historically the second mode of procedure considerably antedates the one under which action was taken in the present case.

The substance of the sections last summarized, except the provision for an action over against the party causing the incumbrance, appears as early as 1786 in an act passed February 27, of that year, entitled "An act for mending and repairing the highways in this state." The preamble to the section in question which indicates the occasion and the purpose of its enactment, reads as follows: "And whereas

many persons within this state make a practice of unloading and laying down in the Streets or highways, masts spars, mill-logs, boards, plank, timber and other lumber, firewood and rocks for building, to the great incumbrance of said streets and highways so as to render them almost or altogether impassable For prevention whereof, Be it further enacted. . . ." Laws of N. H., *Vol.* 5, *pp.* 117, 119. The provision for an action over against "the person or persons who shall so incumber said Highways" appears in an amendment to the statute of 1786 which was passed June 20, 1806. Laws of N. H., *Vol.* 7, *p.* 537. The substance of these provisions has been reënacted in every revision of the statutes since that date, and now appears in P. L., *c.* 92, *ss.* 4–6. It seems plain from the language of the foregoing enactments that this form of remedy is available only in case the incumbrance is caused by the act of the person sought to be charged with the cost of removal, and this fact raises a strong presumption that the alternative form of remedy provided to meet the same sort of situation is similarly limited.

The provision authorizing the removal of incumbrances by the independent action of the highway surveyor first makes its appearance in the Revised Statutes of 1842, chapter 59, section 1, where it reads as follows: "The surveyor of highways may remove any timber, lumber, stones or other thing whatever placed or being in any highway or street to the encumbrance thereof." No provision for the reimbursement of the town for the expense of such removal by the surveyor was made until 1864, when the following provision was enacted: "If any person shall encumber any highway or street with any timber, lumber, stone or other thing whatever, the surveyor of the highway or street may immediately remove such encumbrance and hold the same in his possession until the costs of such removal are paid." Laws 1864, *c.* 2897, *s.* 1. The two following sections then authorize the sale of the incumbrance and the disposition of the proceeds substantially as provided in the present law. The act also contains a clause repealing all inconsistent legislation, the effect of which was to abrogate the foregoing section of the Revised Statutes. From the language above quoted it is plain that the only incumbrances which came within the operation of the statute of 1864 were those caused by the act of some person, and the cost of removal was made a charge upon the offending property only when the incumbrance was so caused. This statute made no reference to incumbrances caused solely by the operation of natural forces or the cost of removing the same.

The language of the present law first appears in the General Statutes of 1867, as follows: "If any timber, lumber, stone, or other thing is upon a highway, incumbering it, the highway surveyor may immediately remove the incumbrance, and hold the same in his possession until the costs of such removal are paid." G. S., c. 70, s. 1. This language was reënacted without change in the General Laws of 1878 (G. L., c. 76, s. 1), the Public Statutes of 1891 (P. S., c. 77, s. 1) and the Public Laws of 1925 (P. L., c. 92, s. 1). The report of the commissioners who made the revision of 1867 contains a marginal reference to Laws of 1864, chapter 2897, section 1, as the source of the foregoing section, and a notation indicating that, in the opinion of the commissioners, the changes made by them in the language of the act were merely verbal. Com'rs Rep. 1867, c. LXXI, s. 1. To a limited extent this opinion of the commissioners appears to have been erroneous. By omitting the words "if any person shall encumber any highway or street," and giving the highway surveyor the power of removal "if any timber, lumber, stone, or other thing is upon a highway, incumbering it," authority to remove incumbrances caused by the forces of nature was clearly conferred. By force of other statutory provisions, towns undoubtedly were bound at that time to remove such an incumbrance, and for their neglect to do so were liable to indictment and fine (G. L., c. 74, s. 1; Concord v. Burleigh, 67 N. H. 106, 107), but the change in the language of the law conferring upon highway surveyors express statutory authority to remove such obstructions is clearly more than a verbal change. It must be held, however, that this was the full extent of the change in the scope of the law and that the statute of 1867 did not have the effect of making the cost of removal a charge upon the property of an individual, which had by the operation of natural forces alone been converted into a highway incumbrance. The history of the statute, corroborated in its significance by the notation of the commissioners, indicates clearly that it was not the intention of the framers of the act to include this kind of a situation within the scope of its operation.

Furthermore, other insuperable difficulties are encountered in any attempt to give the statute an interpretation which will sustain the verdict in the present case. If it be regarded as a fiscal measure designed to provide a method of raising money to defray the expense of removing incumbrances from highways, it would be clearly unconstitutional to give it the effect claimed by the defendant, since this would involve the taking of private property without compensation for a public purpose. The essential nature of such a proceeding

would not be changed by reason of the fact that the property taken had, without fault on the part of the owner, become a public nuisance. If this portion of the plaintiff's property could legally be taken for this purpose, there is no apparent reason why all his property could not have been made subject to seizure for the same purpose. This is not a constitutional method of apportioning public expense. *State* v. *Jackman*, 69 N. H. 318; *Ash* v. *Cummings*, 50 N. H. 591, 613, and cases cited. The fact of the matter is, that by the action of the wind upon the plaintiff's trees, the public right of travel upon the highway in question was interrupted. This created a public emergency which called for action by public officers, the expense of which was legally chargeable only against the public treasury. *State* v. *Jackman, supra.* "A construction that makes a statute unconstitutional in its operation is not to be adopted when it is reasonably susceptible of another and constitutional construction." *Canaan* v. *District*, 74 N. H. 517, 529, 530.

Such a construction is equally impossible if the statute be regarded as a legislative enactment of a new rule of civil liability for damages. It cannot be supposed that the legislature had in mind the primitive notion that the trees themselves were in some way to blame for blocking the road and, therefore, properly subject to seizure in order to meet the cost of removal. Neither is there any reason to believe that it intended to revive the ancient doctrine of liability without fault, which was long ago discarded from the common law. *Carleton* v. *Railroad*, 82 N. H. 263, 266. If it be assumed that it would be a constitutional exercise of legislative power to predicate liability for damage upon mere ownership in the case of property incumbering a highway, this idea is so contrary to present-day concepts of legal responsibility that its adoption is not to be presumed. A conclusion that the legislature intended thus to reinstate an outworn theory of liability would not be justified unless such a purpose was expressed in explicit terms. *Carleton* v. *Railroad, supra.* Language which meets this test was not used in the statute under consideration.

It follows that the conduct of the defendant's agents in the present case was without legal justification and the plaintiff is entitled to a verdict as a matter of law. No finding as to the value of the wood converted by the defendant has been made, but when this fact shall have been determined, there must be

*Judgment for the plaintiff.*

ALLEN, J., did not sit: the others concurred.