**William R. FRANKLIN, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 4349, 4350.**

District of Columbia Court of Appeals.

Argued June 3, 1968.

Decided Dec. 18, 1968.

---

David Mardan Weitzman, Falls Church, and Ralph J. Temple, Washington, D.C., for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

After being stopped for operating a vehicle emitting excessive smoke, appellant was taken to the Fourteenth Precinct because he did not have a registration certificate for the car. He did produce an operator's permit bearing the name "Wilson Franklin" and a check with the Department of Vehicles revealed that this permit had not been revoked. However, two officers at the precinct recognized appellant as William Russell Franklin and notified the arresting officer of his correct name. According to government testimony, appellant then said " You m----r f-----s keep out of this" and attempted to strike one of the officers. In the ensuing struggle he was

subdued, placed in a cell, and later transported to the hospital.

Appellant was charged and convicted of operating a motor vehicle after his permit had been revoked and of disorderly conduct.[1] Numerous errors are alleged, most for the first time on appeal.[2] We therefore discuss briefly only the principal claim of error as to each conviction.

## I

Admittedly, appellant's permit had been revoked in 1961 for an accumulation of points and never restored. During a substantial part of the intervening time appellant had been in prison as a result of a conviction which was later set aside. After his release in 1964 appellant sought on numerous occasions to have his permit restored. Since these attempts were unsuccessful, and because he needed a permit in order to support his family, he obtained a permit under the name of "Wilson Franklin".

Appellant contends that the statute authorizing revocation of permits, D.C.Code 1967, § 40-302, is an unconstitutional delegation of legislative authority because it fails to set forth adequate standards for either an initial revocation or for reissuance of a permit after revocation. He then argues that since the initial revocation and subsequent denials of his application for reissuance of a permit were made under a constitutionally deficient statute, he was justified in driving on a revoked permit, especially since driving a car was necessary to his employment.

La Forest v. Board of Commissioners, 67 App.D.C. 396, 92 F.2d 547 (1937), upheld the constitutionality of the precursor of what is now D.C.Code 1967, § 40-302.[3] In *La Forest* the court interpreted the statute, which allows revocation or suspension of an operator's permit for any cause deemed sufficient, to permit such revocation or suspension only for violations of usual and reasonable traffic regulations. That holding controls here, and we are not disposed to accept appellant's suggestion that we overrule it. Since the statute, as interpreted, is not an illegal delegation of authority by the legislature, appellant was obligated to seek judicial remedy for an alleged wrongful denial of his license to drive, cf. Poulos v. New Hampshire, 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105 (1953), and he cannot now collaterally attack either the initial revocation[4] or the subsequent denials of his applications for the reissuance of his permit in an effort to justify his unilateral decision that he was entitled to operate a motor vehicle without a valid permit.

## II

The conviction for disorderly conduct is also challenged on constitutional grounds. Appellant claims it is impermissible to proscribe profanity *pro se,* and argues that to convict him of disorderly conduct there must be a showing that the words used tended to provoke a breach of the peace. While our opinion in Williams v. District of Columbia, D.C.App., 227 A.2d

---

1. A charge of obtaining a permit by misrepresentation was dismissed on motion at the close of the government's case on the ground that the government had not proved that the signature on the application for the permit was that of appellant. A second disorderly conduct charge was nol-prossed by government counsel prior to trial. Appellant was also convicted of the excessive smoke offense but presents no argument as to this charge on appeal.

2. See Bunter v. United States, D.C.App., 245 A.2d 839 (1968).

3. See also Ritch v. Director of Vehicles & Traffic of D. of C., D.C.Mun.App., 124 A.2d 301 (1956).

4. Abbott v. District of Columbia, D.C. Mun.App., 154 A.2d 362 (1959).

60 (1967),[5] suggests the contrary, we will assume the correctness of appellant's position here.

According to the statement of proceedings and evidence appellant was charged "with disorderly conduct in violation of § 22–1107, D.C.Code 1961."[6] The information reads:

William R. Franklin late of the District of Columbia aforesaid, on or about the 5 day of December in the year A.D. nineteen hundred and sixty-six in the District of Columbia, aforesaid, and on 4135 Benning Road, north, east, [inked out] did then and there use profane language, indecent and obscene words and engage in disorderly conduct; [inked out] to wit: fighting in said street, [inked out] did engage in loud and boisterous talking and other disorderly conduct. [inked out]

Contrary to and in violation of an Act of Congress Police Regulation in such case made and provided, and constituting a law of the District of Columbia.

Although the court did not specify the basis of its finding of guilt, appellant could not have been convicted of engaging in loud and boisterous talking and other disorderly conduct since the requisite element of congregating and assembling was neither charged nor proved. Kinoy v. District of Columbia, D.C.Cir., 400 F.2d 761 (1968). Nor could he have been convicted of fighting in the street as the proof was that the incident occurred inside the police station.

He must therefore have been convicted of the use of profane, obscene and indecent language, and the arguments in the briefs are confined to this one aspect of appellant's conduct.

"[L]ewd, profane and obscene words are beyond the protection of the First Amendment." Duncan v. United States, D.C.App., 219 A.2d 110, 112 (1966). See also, Rockwell v. District of Columbia, D.C.Mun.App., 172 A.2d 549 (1961). As stated in Chaplinsky v. New Hampshire, 315 U.S. 568, 571–572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942):

[I]t is well understood that the right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or "fighting" words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace.

There can be no doubt that the words uttered by appellant to the police officers were indecent, obscene, and patently offensive "fighting words" whose very use not only inflicts injury but also clearly tends to provoke an immediate breach of the peace. The epithet did, in fact, precede and precipitate an altercation between appellant and the police, in a public place, and in the presence of other members of

---

5. Aff'd D.C.Cir., (No. 20,927, decided June 28, 1968), rehearing en banc held November 6, 1968. Williams was tried upon an information containing a breach of the peace clause and he was convicted of using profane, indecent and obscene words under circumstances such that a breach of the peace might be occasioned. The en banc decision should resolve the question of the constitutionality of the statute and of the necessity to show a tendency to incite a breach of the peace.

6. The statute provides in pertinent part that "it shall not be lawful for any person or persons to curse, swear, or make use of any profane language or indecent or obscene words, or engage in any disorderly conduct in any street, avenue, alley, road, highway, public park or inclosure, public building, church, or assembly room, or in any other public place, or in any place wherefrom the same may be heard in any street, avenue, alley, road, highway, public park or inclosure, or other building, or in any premises other than those where the offense was committed * * *"

the public. We are therefore of the opinion that under the circumstances of this case, giving the statute the construction urged by appellant, the evidence supports the conviction of disorderly conduct.[7]

Affirmed.

---

7. Although we do not discuss other challenges to appellant's convictions, we have examined them all and find no error.