Hillsborough
No. 85-035

ROBERT GUILLOU

v.

THE STATE OF NEW HAMPSHIRE,
DIVISION OF MOTOR VEHICLES

January 6, 1986

*Boyer Law Offices*, of Nashua (*James H. Leary* on the brief and orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*Douglas L. Patch*, assistant attorney general, on the brief, and *Loretta S. Platt*, assistant attorney general, orally), for the State.

BATCHELDER, J.   This interlocutory transfer without ruling from the Superior Court (*Goode*, J.) presents questions of law concerning

the constitutionality of two motor vehicle statutes pertaining to the suspension or revocation of drivers' licenses and to judicial appeals from suspension or revocation. The four questions of law are (1) whether RSA 263:56 (suspension or revocation by director of motor vehicles for cause) is "so vague and indefinite as to be an unconstitutional delegation of legislative authority"; (2) whether RSA 263:56 is "unconstitutional as violating plaintiff's rights to due process and equal protection of the laws in failing to define what is meant by 'any cause which [the director] may deem sufficient' "; (3) whether RSA 263:76 (appeal from suspension or revocation) is "so vague and indefinite as to be an unconstitutional delegation of legislative authority"; and (4) whether RSA 263:76 is "unconstitutional as violating plaintiff's right to due process and equal protection of laws in failing to define what is meant by 'whether the petitioner is entitled to a license.' " For the reasons that follow, we hold that under part I, article 37 of the New Hampshire Constitution, RSA 263:56 unconstitutionally delegates legislative authority, but that RSA 263:76 is constitutional as we construe it. We therefore answer question (1) in the affirmative, question (3) in the negative, and need not separately address questions (2) and (4).

RSA 263:56 (suspension or revocation by director for cause) states: "The director may order any license issued to any person under the provisions of this title to be suspended or revoked, after due hearing, for any cause which he may deem sufficient." RSA 263:76 (appeal from suspension or revocation) states:

> "Any person whose license has been suspended or revoked, except where such suspension or revocation is mandatory, or any person who has been denied a license, may, within 30 days thereafter, petition the superior court in the county where such person resides. The court, upon 14 days' written notice to the director, shall, after hearing, determine whether the petitioner is entitled to a license."

The plaintiff argues that the statutes do not prescribe any policies or standards to guide the director or the superior court in determining whether a suspension or revocation is appropriate, and that they are therefore vague and indefinite. In response, the State argues that the plaintiff has failed to overcome the presumption of constitutionality afforded any State statute, that the statute is necessary to protect the public safety, and that other statutes and regulations offer guidance and set limits for the director and the superior court in determining whether to suspend or revoke a license.

██ In addressing the presumption of constitutionality, the State relies in part on our statements of the law in two previous

cases. In the first, we state that "'[a] statute will not be construed to be unconstitutional where it is susceptible to a construction rendering it constitutional.'" *City of Claremont v. Truell*, 126 N.H. 30, 39, 489 A.2d 581, 588 (1985) (quoting *White v. Lee*, 124 N.H. 69, 77–78, 470 A.2d 849, 854 (1983)); *see also Jarvis v. Claremont*, 83 N.H. 176, 180, 139 A. 747, 749 (1927); *Canaan v. District*, 74 N.H. 517, 529–30, 70 A. 250, 254 (1908). In the second case, we stated: "Although guidelines do not appear in a statute, a reviewing court may, by resort to judicial construction, cure an otherwise unconstitutionally vague provision." *State v. Smagula*, 117 N.H. 663, 666, 377 A.2d 608, 610 (1977) (citations omitted).

Unfortunately, these principles offer little guidance in construing RSA 263:56. One reason is that the statute grants authority to an administrative officer without *any* express or implied qualifications, and thus provides no aid for judicial construction. A second reason is that this statute is not the type of procedural statute referred to in *Smagula*, which may be construed in the context of specific constitutional principles, such as due process. *Id.* at 666, 377 A.2d at 610. Further, the phrase "for any cause which he may deem sufficient" does not provide any legislative guidance for the director in making suspension or revocation decisions. The State argues that the director will look to the statute as a whole for general guidance. The language of RSA 263:56, however, does not mandate, let alone suggest, such a procedure. Even if the director stays within the bounds of the related provisions (*e.g.*, RSA 263:55, revocation for third offense), the potential for arbitrary and unprincipled decisions is great. In one case, for example, he might determine that the commission of *four* offenses in a two-year period is cause for revocation. In another, he might determine that *five* offenses in a two-year period are required. Moreover, as the plaintiff argues, RSA 263:56 does not set any limits on the length of suspension or revocation.

■ RSA 263:56 provides no guidance, standards, or conditions for the hearing authority to follow. We hold that the statute is an unconstitutional delegation of legislative authority in violation of part I, article 37 of the State Constitution, because it fails to declare a general policy and prescribe standards for administrative action. *See Opinion of the Justices*, 121 N.H. 552, 557, 431 A.2d 783, 786 (1981) (citing *Ferretti v. Jackson*, 88 N.H. 296, 303, 188 A. 474, 479 (1936)).

The State argues that in matters relating to public health and safety a "more general grant of authority" may be necessary, and that the legislature could never adequately prescribe detailed standards to meet the various factors and contingencies which arise

in suspension and revocation decisions. The State's position on the proper extent of the delegation of legislative authority raises the constitutional separation of powers issue, of which we have spoken in *Ferretti supra; Opinion of the Justices supra*; and *Smith Insurance, Inc. v. Grievance Committee*, 120 N.H. 856, 424 A.2d 816 (1980). These cases suggest that although some delegation of lawmaking authority is necessary, overbroad delegations are ·to be avoided, and that the scope of delegations to administrative agencies should be limited to permitting the agency to fill in the details in order to effectuate the legislative purpose. In the matter before us, we think that the burden placed on the legislature to prescribe specific standards for the director and the superior court which are consistent with the other motor vehicle statutes is not an onerous one.

Various New Hampshire statutes illustrate this point. The alcoholic beverages law, for example, provides that the State liquor commission may suspend or revoke a liquor license

> "[i]f any licensee or permittee violates any of the provisions of this chapter or any of the rules and regulations of the commission . . . or fails to superintend . . . the business . . . or allows the premises . . . to be used for any unlawful, disorderly or immoral purpose or knowingly employs [a felon] . . . or otherwise fails to carry out in good faith the purposes hereof."

RSA 178:11.

The statute pertaining to auctioneers, RSA 311-B:11, provides that the State board of auctioneers "shall suspend the license of any person found to have (a) [a]llowed his license to be used by another, not an apprentice, in the conduct of an auction; or (b) [u]sed deceptive practices in the conduct of an auction." *Id.* para. III. The statute also provides that the board may conduct disciplinary proceedings in cases of misconduct, which is then exhaustively defined in a series of provisions. *Id.* para. II(a)–(h).

Finally, RSA 361-A:3, which pertains to retail installment sales of motor vehicles, states that "[a] license may be suspended or revoked by the bank commissioner" for a "[m]aterial misstatement in application for license," a [w]ilful failure to comply with any provision of this chapter," or a "[f]raudulent misrepresentation, circumvention or concealment by the licensee . . . of any of the material particulars . . . required to be stated or furnished to the retail buyer."

In these three statutes, the legislature has provided cognizable legal standards for the State agencies and courts to follow in suspension, revocation, and disciplinary determinations, and we see no

reason why appropriate standards cannot be enacted in the motor vehicle field.

One example of a motor vehicle statute which meets the type of constitutional challenge brought in this case is the so-called implied consent law, RSA 265:92 (Supp. 1983) (amended by Laws 1985, ch. 89 (effective Jan. 1, 1986)). This statute contains clear standards which are applicable both at the administrative level, *see* RSA 263:74, and equally so in an appeal to the superior court.

Other examples of proper legislative delegation in the motor vehicle field are found in the financial responsibility law, RSA chapter 264. In sections 2, 3, and 7 of chapter 264, the law contains definite standards for the director in determining whether to suspend a license. Furthermore, in section 1, the statute provides for superior court review. In any review, the superior court would look to the standards embodied in the sections on which the suspension was based.

A final example of motor vehicle statutes which contain adequate standards for administrative determinations and court review is the habitual offender law. *See* RSA 259:39, 262:19 and :20 (Supp. 1983), 262:21, and Laws 1985, ch. 213 (effective Jan. 1, 1986). We think these motor vehicle statutes further illustrate that RSA 263:56 is sufficiently vague and indefinite to amount to an unconstitutional delegation of legislative authority.

The State relies in part on several cases which address the constitutionality of statutes pertaining to the suspension and revocation of drivers' licenses. Many of these cases refer to statutes authorizing suspension or revocation for habitual or frequent offenses or for serious violations, but such cases are inapposite because they concern statutes that necessarily have specific standards in them. Otherwise, three cases are relied upon: *La Forest v. Board of Commissioners*, 92 F.2d 547 (D.C. Cir.), *cert. denied*, 302 U.S. 760 (1937); *Franklin v. District of Columbia*, 248 A.2d 677 (D.C. Ct. App. 1968); and *Butler v. Commonwealth*, 189 Va. 411, 53 S.E.2d 152 (1949). Since the *Franklin* court relied on *La Forest* to uphold a statute similar to RSA 263:56 without providing an independent constitutional analysis, our discussion focuses on *La Forest* and *Butler*. The plaintiff relies on *South Carolina State Highway Dept. v. Harbin*, 86 S.E.2d 466 (S.C. Sup. Ct. 1955), which struck down a similar statute.

In *La Forest*, the United States Court of Appeals for the District of Columbia reasoned that such a delegation of authority is "confined to the right to take proper safeguards for the protection of life and limb," that the "purpose of the act, the conditions which it imposes, its provisions, and its context wholly exclude the idea that

the power granted to the Commissioners can be arbitrarily exercised," and that the "act as a whole is harmonious and clear." *La Forest, supra* at 549. The dissent, however, expressed the opposing view that the words of the statute "neither state nor connote any standard except the personal judgment of the Commissioners or their agent. They are given unlimited authority. This is a plain delegation of legislative power." *Id.* at 551 (Stevens, J., dissenting).

In *Butler*, the Virginia Supreme Court upheld a similar statute on the basis of "controls or limitations upon the power of the Commissioner." The court noted that the statute provides for administrative and judicial review and appeal. The court also noted, however, that the statute provides controls or limitations on the exercise of administrative authority:

> "1. He [the Commissioner] must deem the suspension or revocation of the operator's license 'necessary for the safety of the public on the highways of this State.'
>
> 2. The ground upon which the conclusion of the Commissioner is based,—that the safety of the public will be jeopardized unless the license is suspended,—must appear 'in the records of the Division' of Motor Vehicles.
>
> 3. The ground of suspension must be 'reasonable', both as to the necessity therefor and the duration thereof."

*Butler, supra* at 418, 53 S.E.2d at 155.

Finally, in *Harbin*, a statute similar to RSA 263:56 was struck down. The South Carolina Supreme Court stated that the statute "sets up no standard to guide the Department and contains no limitations" and that it "contains an unconstitutional delegation of legislative power." *Harbin*, 86 S.E.2d at 471. The court addressed the delegation issue as follows:

> "It is suggested that there is no reason to suppose that the Department will revoke a license arbitrarily or capriciously and that it may fairly be assumed that this will only be done when necessary for the safety of the public. But this constitutes no answer to the question of whether there is an unlawful delegation of legislative power."

*Id.*

■ We find *Harbin* and the *La Forest* dissent to be persuasive. RSA 263:56 grants authority to the director without any guidance or limitation; thus, we hold the statute is an unconstitutional delegation of legislative authority.

The challenge to the constitutionality of RSA 263:76 presents a different issue, however. While it is like RSA 263:56 in being devoid of explicit standards, it does not provide any authority for suspending or revoking a license in the first instance. It provides only for appeal to the superior court from administrative revocation, suspension or denial of a license. We believe it is reasonable to infer that where the legislature provided for review of such decisions to determine whether an appellant is "entitled to a license," it intended the court to determine eligibility under the same standards that the administrative agency was bound to apply. Since our decision today eliminates the authorization of arbitrary and standardless action at the administrative level, it follows that any administrative action appealable hereafter must be taken under a statute that provides standards to guide the administrative agency and, therefore, the superior court on review. Since we read RSA 263:76 as adopting such standards by reference, we hold the section constitutional.

In closing, we note that RSA 263:76 has been amended. *See* Laws 1985, 162:1 (effective Jan. 1, 1986). We express no opinion on the new statute.

*Remanded.*

All concurred.