RUFUS COPE

*v.*

THE DISTRICT FAIR ASSOCIATION OF FLORA, ILLINOIS.

*Filed at Mt. Vernon June 21, 1881.*

1. INJUNCTION—*to restrain the allowing of gambling on fair ground.* An injunction will not lie at the suit of a stockholder in an incorporated fair association, restraining the company and its officers from permitting, for a pecuniary reward, gamblers to congregate and ply their vocation upon the grounds of the company during its annual exhibitions, where it does not appear, from the bill or otherwise, that the complainant or the company has thereby sustained some pecuniary injury or loss.

2. CHANCERY—*jurisdiction.* It is no part of the mission of a court of equity to administer the criminal law of the State, or to enforce the principles of religion and morality, except so far as it may be incidental to the enforcement of property rights, and perhaps other matters of equitable cognizance.

3. FAIR ASSOCIATION—*no power to license gambling.* The licensing of gambling tables on fair grounds is foreign to the objects and purposes of a fair association, and is clearly *ultra vires.* If such licenses are granted, the officers alone would be responsible, unless authorized by the stockholders, in which case it would be such an abuse of the company's franchises as might warrant the State in reclaiming them.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Clay county.

Mr. RUFUS COPE, *pro se.*

The right to an injunction is not confined to cases where necessary to prevent pecuniary loss. Where there is no remedy at law, an injunction will always issue to prevent the violation of legal rights, and this whether such violation be attended with pecuniary loss or not.

Stockholders have an interest, not only in the property of the corporation, but also in its offices, which are created for their use, and are in the nature of a trust. Corporations will be restrained from exceeding the legitimate scope of their authority. *Attorney General* v. *Grant,* 1 Dr. and Sn. 154; *Coleman* v. *Eastman,* 10 Beav. 1; *Solomon* v. *Laing,* 12 id. 339.

The amount of interest of a shareholder is not considered. *McDonnell* v. *Grand, etc.* 3 Ir. Ch. 578.

A single stockholder is entitled to aid in equity, though all the other members are opposed to him. *Kean* v. *Johnson,* 1 Stockt. 401; *Mozley* v. *Alston,* 1 Ph. 798; *Simpson* v. *Westminster,* 8 H. L. 717; *Breman* v. *Rufford,* 1 Sim. (N. S.) 564; *Ernest* v. *Nichols,* 6 H. L. 401; *Ex parte Morgan,* 1 Mac. & G. 236.

It is a general rule that courts of equity will enjoin, on behalf of stockholders of an incorporated company, acts contrary to law, or wrongful diversion of funds. *Kean* v. *Johnson,* 1 Stockt. 401; *Manderson* v. *Commercial, etc.* 28 Pa. St. 379; *Sears* v. *Hotchkiss,* 25 Conn. 171; *Bragshaw* v. *Eastern,* 7 Hare, 11; *Central* v. *Collins,* 40 Geo. 582; *Smith* v. *Bangs,* 15 Ill. 399.

The fact that a remedy at law exists, is no reason for refusing an injunction. 25 Conn. 171; 43 Ill. 81.

Injunctions are granted to restain the improper use of church property, because of the invasion of the rights of stockholders, and this without regard to pecuniary damage. *Trustees First Con. Church* v. *Stewart,* 43 Ill. 81; *Perry* v. *McLean,* 22 Ind. 440; *Kean* v. *Johnson,* 9 N. J. Eq. (1 Stockt.) 401.

It is insisted that there is a remedy by criminal prosecutions; but we answer, first, that it appears from the bill that this remedy is impracticable; second, it is not the law that a party must look to the criminal law for the enforcement of civil rights.

Mr. GERSHOM A. HOFF, for the appellee:

There is no allegation of loss or damage to complainant, either irreparable, actual or nominal, by reason of the acts complained of, nor that such acts interfered with the annual exhibitions of the defendant.

If the complainant has suffered any loss by the illegal acts of the officers and managers, he has a full remedy against them at law. The principal is not bound by the unauthorized and illegal act of the agent.

A license is but a permit. The license complained of here was such a permit, on account of its character, as to have no legal force or effect, and in nowise protected the parties receiving it or enlarged their rights under the law, or in any way protected them from its penalties for a violation thereof.

No person can legally sell another a privilege to do a criminal act; therefore, if the officers and managers of defendant did sell gamblers such privileges, and then protected them from the officers of the law, as alleged, then such officers and managers were *particeps criminis* with the gamblers.

The subject matter of the jurisdiction of equity being the protection of private property and of civil rights, courts of equity will not interfere for the punishment or prevention of merely criminal or immoral acts. High on Inj. sec 23. Where there is an ample remedy by proceedings at law, the offence being *damnum absque injuria*, courts of equity will not interfere. *Sparhawk* v. *Union, etc. Co.* 54 Pa. St. 401. We take it that this court is without jurisdiction in this case to grant the prayer of the bill, upon the allegations therein contained.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The question presented for our determination by the record in this case is, will an injunction lie at the suit of a stockholder in an incorporated fair association, restraining the company and its officers from permitting, for a pecuniary reward, gamblers to congregate and ply their vocation upon the grounds of the company, during its annual exhibitions, where it does not appear, from the bill or otherwise, that the complainant or the company has thereby sustained some pecuniary injury or loss.

The circuit court of Clay county and the Appellate Court for the Fourth District have both answered this question in the negative, and, we think, properly.

It is no part of the mission of equity to administer the criminal law of the State or to enforce the principles of religion and morality, except so far as it may be incidental to the enforcement of property rights, and perhaps other matters of equitable cognizance. High on Inj. sec. 23.

The licensing of gambling tables by the officers of the company can not, in any sense, be regarded the act of the company. It is foreign to the objects and purposes of the association, and is clearly *ultra vires*, and the officers alone are responsible unless authorized by the stockholders, in which case it would doubtless be such an abuse of the company's franchises as would warrant the State in reclaiming them. Gambling—such as that complained of—is a violation of the criminal code, which affords ample means for its suppression.

If the bill in this case showed any pecuniary loss or injury, it would present an entirely different question; but nothing of that kind is claimed or pretended, and we are aware of no principle upon which such a bill can be maintained, and counsel has failed to suggest any or furnish us with any precedent where such a bill has been sustained.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*