Board of Taxation
No. 7076

MARION S. RENO & a.

v.

TOWN OF HOPKINTON

December 31, 1975

*Orr & Reno (Mr. Robert H. Reno* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *(Mr. Cleaveland* orally), for the Board of Taxation.

GRIFFITH, J. This is an appeal under RSA ch. 541 from a decision of the board of taxation upholding the refusal of the town of Hopkinton to classify one hundred twenty-seven acres of appellant taxpayers' land as "wild land" in accordance with the provisions of RSA 79-A:2 XIII (Supp. 1975). *See* N.H. CONST. pt. II, art. 5-B.

RSA 79-A:2 XIII (Supp. 1975) defines "wild land" as follows: "'Wild land' means any unimproved land upon which there are no detrimental structures and on which the owner is not substantially interfering with the natural ecological processes as determined and classified by criteria developed by the board." The board referred

to is the Current Use Advisory Board (RSA 79-A:3 (Supp. 1975)), consisting of eleven members including certain named department heads or their designees and some appointees.

The board established a schedule of criteria and values for the various current land uses listed in RSA ch. 79-A (Supp. 1975) and as authorized by that statute. Under VI of the criteria are listed certain alternatives for qualifying "wild land" of which the following is applicable to the present case:

"A. Qualifying 'wild land' means:

1. A tract of unimproved land of at least ten (10) contiguous acres which by its nature is incapable of producing commercial agriculture or forest crops and which is being left in its natural state without interference with the ecological process;"

The board of taxation found that the taxpayers' land was unimproved, that there are no detrimental structures on the land, and that the owners have not substantially interfered with the ecological processes. However, the board found as a fact that the land in question was capable of producing commercial forest crops and so failed to meet the criteria established by the Current Use Advisory Board. The decision of the board of taxation is overruled since it is based upon a criterion established by the Current Use Advisory Board which impermissibly narrows the statutory definition of "wild land" and contravenes the express purpose of the statute.

Criteria and rules and regulations may properly be promulgated by administrative boards when so authorized by the legislature with proper standards. *Opinion of the Justices,* 99 N.H. 528, 114 A.2d 514 (1955); *Ferretti v. Jackson,* 88 N.H. 296, 188 A. 474 (1936); *State v. Normand,* 76 N.H. 541, 85 A. 899 (1913). This does not authorize a board to "add to, change, or modify the statute." *Id.* at 545, 85 A. at 901; *Whitney v. Watson,* 85 N.H. 238, 240, 157 A. 78, 80 (1931). The authority granted is designed only to permit the board to fill in the details to effectuate the purpose of the statute. *Hanover Precinct v. Atkins,* 78 N.H. 308, 310, 99 A. 293, 294 (1916).

The taxpayers in this case were found by the board of taxation to be maintaining their land in conformity with the requirements of the statute as "wild land". The stated purpose of the statute is to "encourage the preservation of open space" and "to prevent the conversion of open space to more intensive use" by means of "as-

sessment of land value for property taxation on the basis of current use." RSA 79-A:1 (Supp. 1975). Classification of land as "wild land" does not entitle the taxpayer to permanent classification since he must apply each year (RSA 79-A:8 (Supp. 1975)), and the board of taxation may order reclassification either on complaint or its own motion. RSA 79-A:12 (Supp. 1975).

The Current Use Advisory Board criteria requiring that "wild land" be "incapable of producing commercial agricultural or forest crops" are unrelated to "current use" and directed at future potential use. If one excludes "wet land" (otherwise classified by RSA 79-A:2 XII (Supp. 1975)) and the tops of certain mountains, the argument of the taxpayers that no land could qualify as "wild land" under this criterion is not complete hyperbole. The specific definition in the statute granted taxpayers the right to have their land classified as "wild land." The criterion of the Current Use Advisory Board that operates to deprive them of their statutory right is in conflict with the statutory pattern and policy and is therefore invalid. *Harkeem v. N.H. Dep't of Employment Security*, 115 N.H. 658, 348 A.2d 711 (1975); *Clark v. N.H. Dep't of Health and Welfare*, 114 N.H. 99, 104, 315 A.2d 187, 190 (1974).

*Appeal sustained; remanded.*

GRIMES, J., did not sit; the others concurred.