Board of Taxation
No. 79-176

APPEAL OF JOHN H. AND MILENA S. DENMAN
d/b/a CHEESE, ETC.
(New Hampshire Board of Taxation)

September 10, 1980

*Upton, Sanders & Smith,* of Concord (*Richard F. Upton* orally), for the plaintiffs.

*Gregory H. Smith,* acting attorney general (*Marc R. Scheer,* assistant attorney general, orally), for the State.

PER CURIAM. The issue in this case is whether the statutory and regulatory law relating to meals and rooms taxes requires the plaintiffs to pay an assessment for taxes not collected on the sale of pre-packaged, take-out sandwiches.

In 1972 the plaintiffs, John and Milena Denman, opened Cheese, Etc. in Hanover. In the beginning they sold mostly take-out foods. Offerings included cheeses, cold meats, whole breads, cakes, pies and pre-packaged sandwiches. Seating consisted of only one table and two benches.

It appears that shortly after the business opened it was inspected by a meals and rooms tax examiner whose identity is not known. According to the plaintiffs, they told the examiner that they intended to add more seating. He apparently informed the plaintiffs that for tax purposes Cheese, Etc. was to be considered a delicatessen until further notice. He also told the Denmans that they should tax sandwiches prepared for on-premise consumption but not pre-packaged, take-out sandwiches. Soon after the examiner's visit, the plaintiffs added a fifty-person dining area and a seasonal beergarden with seating for sixty. They also obtained a license to sell beer and wine for on-premise consumption.

In 1978 the department of revenue administration audited Cheese, Etc. Through its auditor, Mr. Davis, the department determined that Cheese, Etc. had been both a restaurant and a delicatessen since it expanded its seating five years earlier. The auditor further determined that because Cheese, Etc. was *part* restaurant, its owners should have collected a tax on *all* sandwiches sold, whether pre-packaged for off-premise consumption or not. Because the plaintiffs had collected taxes only on sandwiches consumed on the premises, they were charged with a deficiency of $29,872.53, plus interest of $5,697.58. RSA 78-A:11, :16. The plaintiffs petitioned for reconsideration under RSA 78-A:12 and received a hearing before the commissioner. RSA 78-A:14. Thereafter, the department lowered the assessment to $18,969.73, plus interest of $3,366.89. The plaintiffs appealed to the board of taxation, RSA 78-A:13 (Supp. 1979), which upheld the commissioner. The appeal from that decision comes to this court pursuant to RSA 541:6.

In its opinion, the board found that the plaintiffs' business was a "restaurant" within the meaning of RSA 78-A:3 X(b); that pre-packaged sandwiches are meals within the meaning of RSA 78-A:3 X(a); and that such meals are taxable. RSA 78-A:3 X(c). Subsection (b) in part defines "restaurant" as "any eating establishment" where food is "served" and then lists as examples diners, cafes, etc. or "any other eating place." Subsection (a)

defines "meal" as including food served "on or off the restaurant premises," whether "take out" or "to go." If a "meal" is sold by a "restaurant" it becomes a "taxable meal" under subsection (c). Food sold by a grocery store or supermarket is not taxable.

The dispute in this case focuses on the board's interpretation of a portion of *Rules and Regulations Pertaining to the Meals and Rooms Tax*, adopted in 1973, which appears under the heading, "Exceptions to the Taxable Meals are as follows:". The regulatory exception states that

> "[I]f the operator [of a restaurant] is engaged in selling bakery or *delicatessen type products* as a *distinct part of the business* from the serving of meals, such sales are *exempt.* An indication that this type of business is separate from the remainder of the operation would be that the operator has a counter or showcase in which are displayed breads, rolls, biscuits, pies, cakes, cookies *and so on and in the delicatessen type foods,* cole slaw, salads, stubbed vegetables, macaroni type products, cold meats, *etc.* If the operator advertises either on or off the premises that such items are for sale this is a further indication that he is engaged in the delicatessen business. A casual sale over the counter in a restaurant of bread, rolls, pies, doughnuts, spaghetti or other similar items for which the charge is 16¢ or more would be taxable."

(Emphasis added.) The board impliedly viewed Cheese, Etc. as having a distinct and separable deli operation, but it held that pre-packaged sandwiches are taxable because they are not a deli item within the meaning of the exception. The plaintiffs challenge this holding.

■ First, we agree that RSA 78-A:3 X, read without the relevant departmental regulation, could impose a tax on the plaintiffs. Whether or not it is a deli, Cheese, Etc. is at least partially a "restaurant," and because pre-packaged, take-out sandwiches are "meals" served by a "restaurant," they are "taxable meals." RSA 78-A:3 X(a), :3 X(b), :3 X(c). Because no one has raised the issue whether the regulation impermissibly narrows the scope of the statute, we do not decide the propriety of the so-called deli exception. *See, e.g., Kimball v. N.H. Bd. of Accountancy,* 118 N.H. 567, 391 A.2d 888 (1978); *Reno v. Hopkinton,* 115 N.H. 706, 349 A.2d 585 (1975). Of course, an ambiguous tax statute will be construed against the taxing authority rather than the taxpayer.

*See St. Paul's School v. City of Concord,* 117 N.H. 243, 372 A.2d 269 (1977).

The quoted regulation, however, recognizes that a single food business may be part "restaurant" and part deli. It evidences the department's intention to exempt all delis from the duty to collect a meal tax on deli items, whether or not they are connected to a restaurant.

■ There is little dispute that the plaintiffs operate a separate and distinct deli in conjunction with their "restaurant". There was evidence that the premises feature a showcase of "delicatessen type foods", and that the plaintiffs "advertise . . . on . . . the premises that such items are for sale." The question is whether the board erred in finding that pre-packaged, take-out sandwiches are not "delicatessen type foods" within the meaning of the regulation and therefore not exempt from the meals tax.

■■ This court will overturn an administrative decision if it is clearly unreasonable or unlawful. RSA 541:13; *In re Nashua Ass'n of School Principals,* 119 N.H. 90, 398 A.2d 832 (1979). In this case, the board's interpretation of the departmental regulation is clearly unlawful.

■■ Case law in this State holds that statutory words and phrases are interpreted according to commonly approved usage unless from the statute it appears that a different meaning was intended. *State Empl. Ass'n of N.H. v. Bd. of Trustees of the University of N.H.,* 120 N.H. 272, 415 A.2d 665 (1980); *North Hampton &c. Assn. v. Commission,* 94 N.H. 156, 48 A.2d 472 (1946). That we should apply this principle is also required by statute. RSA 21:2. We see no reason to apply a different standard when dealing with regulations issued pursuant to statute. Our research, and the department's regulation itself, convince us that pre-packaged sandwiches are among those foods commonly included in a definition of "delicatessen items". WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 597 (1961) indicates that sandwiches, whether or not taken out, are a deli item. Other lexicographers, though they do not specifically mention sandwiches, suggest that delicatessen food is that which is usually eaten, without further cooking or preparation, in the form in which it is displayed. *See, e.g.,* THE AMERICAN HERITAGE DICTIONARY 349 (1978); THE RANDOM HOUSE DICTIONARY, COLLEGE EDITION 351 (1969).

■ The text of the regulation in question does not suggest that

any unusual or peculiar meaning was attached to the term "delicatessen type foods". The items listed as examples, as well as use of the term "etc.," convince us that the common meaning was intended and that the list of items was not exclusive. Because pre-packaged, take-out sandwiches are clearly a deli item, we hold that they are among those items that are exempted from tax under the departmental regulation.

■ ■ The department takes the position that regardless of whether the plaintiffs are exempt from tax under the applicable statute and written regulation, they are bound to pay under an unwritten, *verbally promulgated* regulation that was put into effect at some unknown time and was known to the auditor that inspected the plaintiff's business in 1978. The regulation in question was to the effect that pre-packaged, take-out sandwiches were taxable to businesses that were *more restaurant* than deli, but not to those that were *more deli* than restaurant. The department contends that the plaintiffs were taxed because they belonged to the former category. We reject this contention. There is no indication that the unwritten regulation on which the department relies met any of the basic requirements of our Administrative Procedures Act. RSA 541-A:3 (Supp. 1979). We do not believe that any unwritten regulation could do so. The oral "regulation" is, therefore, without effect. RSA 541-A:2 II (Supp. 1979). We stress that State agencies must comply with the Administrative Procedures Act if their "rules" are to have effect.

■ Finally, we note that equity appears to be on the side of the particular taxpayers in this case. Acting in good faith, the Denmans did exactly as both the examiner and the department instructed them in 1972. There was evidence that they routinely asked their customers whether or not a sandwich was to be consumed on the premises. If the answer was "yes", they collected the tax. A reasonable reading of the regulations would not induce them to consider their status changed merely by the subsequent addition of seating. The Denmans were thereby misled into not collecting the tax from their customers. Under these circumstances, the department cannot equitably collect the taxes in dispute from the Denmans prior to the June 1978 audit.

*Reversed.*