Original
No. 85-348

APPEAL OF MONSIEUR HENRI WINES, LTD.
(New Hampshire State Liquor Commission)

June 5, 1986

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Wilbur A. Glahn, III*, and *Gregory H. Smith* on the brief, and *Mr. Smith* orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*James A. Sweeney*, assistant attorney general, on the brief and orally), for the State.

JOHNSON, J. The plaintiff appeals from the New Hampshire State Liquor Commission's refusal to list Stolichnaya Vodka for sale in State liquor stores. We reverse and remand.

The plaintiff is an American corporation which imports and distributes alcoholic beverages, including Stolichnaya Vodka. Stolichnaya has been "listed" for sale in State liquor stores since 1980. "Listing" refers to the procedures used by the commission in deciding whether to purchase alcoholic beverage products for sale in State liquor stores. N.H. ADMIN. RULES, Liq. 302.01. In September 1983, the commission voted to "delist" Stolichnaya "because of the . . . Korean Airlines incident in which an airliner carrying civilian passengers was shot down by Russian aircraft." The product, however, is still available by "special order"; *i.e.*, the commission will supply the product by the case upon the request of a customer.

The plaintiff several times petitioned the commission to reconsider its decision to delist Stolichnaya. In March 1985, the plaintiff filed a formal application to receive a product listing for Stolichnaya. N.H. ADMIN. RULES, Liq. 301.01, 302. The commission's director of marketing, merchandising and State operations recommended that the commission deny the application. On May 22, 1985,

the commission notified the plaintiff that it had denied the application. The plaintiff received a copy of the vendor's specification form, which contained a notation stating that "[t]his product is too controversial. There was no demand to list it on the consumer coupon returns." *See* N.H. ADMIN. RULES, Liq. 301.01(a)(6)(b).

On June 4, 1985, the plaintiff appealed the commission's decision. N.H. ADMIN. RULES, Liq. 301.01(a)(7). On June 24, 1985, the commission rejected the appeal, basing its decision on the fact that "[t]he. September, 1983, event caused much concern among New Hampshire residents, as well as the [c]ommission." The commission indicated that it viewed the listing request as an "unusual situation" within the meaning of N.H. Admin. Rules, Liq. 302.14.

The plaintiff filed a petition for a writ of certiorari in this court, seeking review of the commission's decision, and we accepted the case. The plaintiff presents the following questions of law: (1) whether the commission exceeded its statutory authority by denying the plaintiff's application for listing solely because Stolichnaya Vodka originates in the Soviet Union; (2) whether the commission's refusal to list Stolichnaya violated the plaintiff's due process rights; (3) whether the commission discriminated against the plaintiff in violation of its equal protection rights by refusing to list the product because it originated in a particular country; (4) whether the commission's stated basis for denying the plaintiff's application violated the commerce clause of the Federal Constitution; and (5) whether the commission's refusal to list the product unconstitutionally encroached upon the federal government's foreign policy powers. For the reasons set forth in this opinion, we hold that the commission exceeded its statutory authority by the way in which it denied the plaintiff's application for listing. We therefore answer question (1) in the affirmative, and need not address the remaining questions of law.

■ In reviewing a case before us on a petition for a writ of certiorari, our standard of review is a narrow one. We must determine "whether the agency or official acted illegally in respect to jurisdiction, authority, or observance of law, or whether it abused its discretion or acted arbitrarily, unreasonably, or capriciously." *Petition of Milan School District*, 123 N.H. 227, 232, 459 A.2d 270, 274 (1983).

■■ The legislature may delegate limited power and authority to administrative agencies with clear standards and guidelines. *See Guillou v. State*, 127 N.H. 579, 503 A.2d 838 (1986). *See generally Ferretti v. Jackson*, 88 N.H. 296, 188 A. 474 (1936). "Criteria and rules and regulations may properly be promulgated by administrative boards when so authorized by the legislature with proper

standards." *Reno v. Hopkinton,* 115 N.H. 706, 707, 349 A.2d 585, 586 (1975).

The commission's powers and authority are conferred upon it entirely by statute. The legislature has expressed the primary duty of the commission as follows: "to maximize state revenue, to maintain proper control and to be solely responsible for the efficient and effective operation of the commission." RSA 176:3-a (Supp. 1985). The legislature established the position of a director of marketing, merchandising and State operations, who is required to "recommend to the commission the delisting of products not meeting gross profit levels and the listing of products that will maximize profits to the [S]tate." RSA 176:7-a, II (Supp. 1985).

In order to meet the mandate of the legislature, the commission established extensive, objective regulatory standards to guide the selection of alcoholic beverage products for sale. The regulations state that "[the listing and delisting] system shall reflect the demand of the [S]tate's consumers on a current basis." N.H. ADMIN. RULES, Liq. 302.02. The commission is required to consider several factors in determining the listing of products, including consumer demand, continuity of supply, gross profit projection, total sales performance of the product in other markets, the economics of transportation, unique quality or packaging or both, stability of the pricing practices of the vendor, and the trend of the category on a national and regional basis. N.H. ADMIN. RULES, Liq. 302.01(c), 302.03.

 We have long held that "[a]n agency may not add to, change, or modify [statutory law] by regulation or through case-by-case adjudication." *In re Jack O'Lantern, Inc.,* 118 N.H. 445, 448, 387 A.2d 1166, 1168 (1978). The legislature expressly established the overall standard of maximizing State revenue to govern the commission's actions, and clearly intended to prevent the commission from considering extraneous factors in the listing process. *See* N.H.S. JOUR. 22–26 (1981) (Spec. Sess.) (statement of Sen. Monier). Rulemaking authority is granted to allow administrative agencies to effectuate their statutory purposes by "fill[ing] in [the] details," and "[i]ndeed, a legislative enactment that gives a board greater discretion than that needed to 'fill in details' is invalid." *Kimball v. N.H. Bd. of Accountancy,* 118 N.H. 567, 568, 391 A.2d 888, 889 (1978). The legislature may not delegate the "power to make the law"; it may only confer "authority or discretion as to its execution, to be exercised under and in pursuance of the law." *State v. Normand,* 76 N.H. 541, 546, 85 A. 899, 901–02 (1913). The objective regulatory standards established by the commission properly reflect the authority conferred by the legislature.

The commission justifies its refusal to list Stolichnaya Vodka by a reliance on its own regulation providing that "[s]ince the above description of a listing and delisting procedure in the [S]tate of New Hampshire does not, and cannot, cover all possible conditions, the commission shall review unusual situations on an individual basis." N.H. ADMIN. RULES, Liq. 302.14. We cannot read this regulation, however, to permit the commission to reserve power to ignore an explicit set of regulatory standards and make a determination concerning the listing of products on a purely subjective basis. To read the regulation as broadly as the commission wishes would be to allow the exception to swallow the rule. The regulatory standards established by the commission's regulations would be meaningless if the commission could choose to ignore them at will.

■ The term "unusual situations" must be narrowly interpreted to allow the commission, in determining the listing of products, to consider additional factors *that are related to* the factors explicitly delineated in its regulations. The "unusual situations" provision does not permit the commission to consider extraneous factors that are unrelated to its statutory purpose as reflected in its regulatory scheme. Such a broad reading would render the provision void. A rule which "lays down no *rules* by which its *impartial execution* can be secured or partiality and oppression prevented" is void. *Hanover Precinct v. Atkins*, 78 N.H. 308, 310–11, 99 A. 293, 294 (1916) (emphasis in original) (quoting *Baltimore v. Radecke*, 49 Md. 217, 230 (1878)).

■ The commission made no findings concerning the factors set out in its own regulations. "A reviewing court needs findings of basic facts to understand administrative decisions and to ascertain whether the facts and issues considered sustain the ultimate result reached." *Society for Protection of N.H. Forests v. Site Evaluation Comm.*, 115 N.H. 163, 173, 337 A.2d 778, 786 (1975). "Otherwise, there is no means by which a reviewing court can determine whether the board complied with the statute and considered each of the enumerated factors, or whether the evidence sustains the board's ultimate determination." *Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 759, 423 A.2d 603, 606 (1980). The commission must consider each of the factors delineated in its own regulations, and must make a determination concerning listing based on those factors and any additional factors related to its statutory purpose.

■■ We hold that the commission exceeded its statutory authority by interpreting the "unusual situations" language of its regulations to permit a denial of the plaintiff's application for listing

solely on the basis that Stolichnaya Vodka originates in the Soviet Union. "It is the responsibility of this court to insure that another will is not substituted for that of the legislature when, out of necessity, it delegates certain limited powers." *Kimball*, 118 N.H. at 569, 391 A.2d at 889. We remand for a consideration of the plaintiff's application in accordance with the standards contained in the commission's regulations.

*Reversed and remanded.*

All concurred.