Division of Motor Vehicles
No. 86-410

APPEAL OF HOYT RENTAL AND LEASING COMPANY, INC.

(New Hampshire Department of Safety,
Division of Motor Vehicles)

December 4, 1987

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Peter W. Leberman* on the brief and orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*Stephen J. Judge*, assistant attorney general, on the brief and orally), for the State.

THAYER, J. This is an appeal pursuant to RSA 541:6 brought by Hoyt Rental and Leasing Corporation, Inc. (Hoyt) from a decision of the department of motor vehicles (DMV) finding Hoyt in violation of the New Hampshire Dealer Registration Rules and Regulations. For the reasons that follow, we reverse.

Hoyt is licensed within the State of New Hampshire as a motor vehicle dealer (Registration Number 850). Hoyt conducts its business at its South Willow Street location, in Manchester. On June 21, 1986, Hoyt moved some of its vehicles and office staff to the Federal Credit Union's parking lot in Concord for the purpose of conducting a private, one-day sale to credit union members. Prior to the sale date, Hoyt sent notice of the sale to credit union members and posted sale information in buildings where credit union members worked.

The Concord Automobile Dealers' Association became aware of the sale through the advance advertising and on June 20, one day before the sale, filed a written complaint with the DMV. On June 20, that same day, an inspector from the department of safety contacted Hoyt and indicated to one of Hoyt's employees that Hoyt would be in violation of agency rules if it conducted the sale. Hoyt went ahead with the sale on June 21. On July 16, the DMV issued a notice of hearing to Hoyt alleging, *inter alia,* violations of certain New Hampshire statutes and agency regulations.

Hoyt appeared at the DMV hearing on August 6 to respond to the complaint. Its alleged violation of N.H. Admin. Rule Saf-M 1101.09 is the subject of this appeal. The rule states:

> "Whenever a dealer intends to go out of business, relocate any portion or all of his business, change the mailing address or change the name of his business he shall so notify the director, in writing, no less than 30 days prior to such action. In the case of relocation the director shall be notified of the proposed new location by the dealer, and the director shall verify that the new location meets all applicable statutory requirements prior to the conduct of business there."

The hearing officer found, *inter alia,* that Hoyt has an established place of business in Manchester, that Hoyt had sold cars on June 21 at the Federal Credit Union in Concord, and that Hoyt intended the sale for Credit Union members only. He found that thirty-six cars were sold and that Hoyt's dealer plates were attached to the cars for demonstration purposes. He further found that Hoyt's regular employees assisted in the sale and that security guards were hired for the day.

Based on these findings, the hearing officer concluded that Hoyt's conduct of the sale in Concord constituted a partial relocation of its business and that, since Hoyt neither provided the DMV with requisite advance notice nor obtained prior DMV approval, Hoyt was in violation of N.H. Admin. Rule Saf-M 1101.09. The hearing officer then ordered the revocation of Hoyt's dealer plates for a thirty-day period. On August 22, 1986, Hoyt requested a rehearing, which was denied, and this appeal followed.

This dispute centers around the interpretation of the word "relocate" as it appears within Rule Saf-M 1101.09. Hoyt contends that the hearing officer's determination that a one-day private sale constituted a partial relocation of its business was erroneous. Hoyt argues that "relocation" contemplates permanency and continuity beyond the duration of its one-day sale. The DMV, on the other hand, argues that Hoyt's movement of inventory and staff to the Credit Union parking lot for the purpose of selling cars constituted a partial relocation of Hoyt's business and that the time period involved is irrelevant.

In order to prevail, Hoyt must demonstrate, by a clear preponderance of the evidence, that the order was unreasonable or unlawful. RSA 541:13. *E. D. Swett, Inc. v. N.H. Comm. for Human Rights*, 124 N.H. 404, 408, 470 A.2d 921, 924 (1983); *Appeal of John Denman*, 120 N.H. 568, 572, 419 A.2d 1084, 1087 (1980).

▮ Since the DMV dealer registration rules and regulations do not provide a definition of "relocate," we will interpret the word according to its plain meaning. RSA 21:2; *King v. Sununu*, 126 N.H. 302, 306, 490 A.2d 796, 800 (1985). Where the language is plain we give the words their usual and customary meaning. *State v. Peabody*, 121 N.H. 1075, 1077, 438 A.2d 305, 307 (1981); *Silva v. Botsch*, 120 N.H. 600, 601, 420 A.2d 301, 302 (1980). However, definitional authorities differ on the scope of the meaning of "relocate." Therefore, they offer little enlightenment when determining the word's usual and customary meaning.

▮ In interpreting statutes under similar circumstances, we have stated that "[s]tatutory words and phrases are interpreted according to commonly approved usage unless from the statute it appears that a different meaning was intended." *Appeal of John Denman supra*. When the words are susceptible of a double construction, that sense is to be adopted which best harmonizes with the context and with the apparent policy of the legislature. *Hackett v. Gale*, 104 N.H. 90, 92, 179 A.2d 451, 453 (1962); *Davis v. Company*, 88 N.H. 204, 207, 185 A. 889, 891 (1936). We see no

reason to apply a different standard when dealing with regulations issued pursuant to statute. *Denman supra.* Consequently, for aid in determining the agency's intent, we must look to the context in which "relocate" is used.

Rule Saf-M 1101.09 lists four types of changes contemplated by the DMV which warrant notification by dealers. In addition to relocation of business, the rule covers change of mailing address, change of business name, and going out of business. Each of these changes carries with it durational expectations beyond just one day. Thus, the rule is directed towards more permanent types of changes.

A review of two cases previously handed down by this court further aids our interpretation of the word "relocate." In both *Petrie-Clemons v. Butterfield,* 122 N.H. 120, 125–26, 441 A.2d 1167, 1170–71 (1982) and *Thompson v. Poirier,* 120 N.H. 584, 587, 420 A.2d 297, 299 (1980), which involved business evictions from leased premises, the word "relocate" is used to describe circumstances in which business owners ceased all business activity at one site to establish their businesses on a more secure, permanent basis at a new site.

Similarly, in *Assoc. Home Util's, Inc. v. Town of Bedford,* 120 N.H. 812, 817, 424 A.2d 186, 190 (1980), the plaintiff sought the town's approval to construct a new building on a different part of his property, to which he intended to "relocate" his business. The purpose of relocating was to avoid a restraining order against his business activities which had exceeded the scope of his preexisting nonconforming use.

The use of the word "relocate" in each of these cases suggests an abandonment of one site in favor of reestablishment at a new site. Each involved a business relocation with characteristics of regularity and permanency quite different from the one-day sale which Hoyt conducted.

■ We hold that Hoyt has carried its burden of showing, by a clear preponderance of the evidence, that the hearing officer acted unreasonably in applying Rule Saf-M 1101.09 to Hoyt's Concord sale. The rule contains no reference, nor can it be interpreted in such a way as to be applicable, to temporary situations such as that presented by the facts of this case.

*Reversed.*

All concurred.