Merrimack
No. 87-230

ROBERT RICH

v.

RONALD POWELL, COMMISSIONER, DEPARTMENT OF CORRECTIONS,

and

MICHAEL J. CUNNINGHAM, WARDEN,
NEW HAMPSHIRE STATE PRISON

May 13, 1988

*Bruce E. Friedman,* of Concord, by brief and orally, for the plaintiff.

*Stephen E. Merrill,* attorney general (*Stephen J. Judge,* assistant attorney general, on the brief, and *Daniel J. Mullen,* assistant attorney general, orally), for the defendants.

BROCK, C.J.   The plaintiff, Robert Rich, an inmate at the New Hampshire State Prison, appeals the superior court's dismissal of his petition for declaratory and/or injunctive relief, in which he challenges the validity of the department of corrections' administrative rule pertaining to inmate eligibility for the work study release (work release) program. For the reasons that follow, we affirm.

In 1979, Rich was convicted of second degree murder and sentenced to eighteen years to life in the State prison. His earliest parole eligibility date is September 1, 1989. On March 31, 1986, through his attorney, Rich wrote a letter to Warden Cunningham requesting immediate placement in the prison work release program. By letter dated April 10, Warden Cunningham denied Rich's request and explained that the department of corrections' policy limited participation in the work release program to those inmates who are within nine months of their minimum parole eligibility date.

In February, 1987, Rich filed a petition for declaratory and/or injunctive relief in the superior court, arguing that the nine-month criterion was invalid because it contradicted the intent and purpose of RSA 651:25 (Release From State Prison). The State responded with a motion to dismiss, and the plaintiff answered with a motion for summary judgment.

The Superior Court (*Dickson*, J.), ruling on both motions, stated that RSA 651:25 is "clearly permissive, not mandatory. . . . Nothing in the statute requires the Commissioner to utilize its provisions although he has chosen to do so." The court concluded that limiting applicants for work release to those within nine months of their parole eligibility was reasonable under the statutory authority delegated by the legislature. From the dismissal of his petition, the plaintiff appeals to this court.

The plaintiff's appeal raises two issues for our consideration: (1) whether the department of corrections exceeded its rule-making authority in promulgating a rule, N.H. ADMIN. RULES, Cor. 309.03 (eff. Oct. 4, 1985), that is contrary to the intent and purpose of RSA 651:25; and (2) whether the trial court erred in failing to find the rule contrary to the intent and purpose of the statute. We need only address the one principal issue underlying the plaintiff's petition; namely, whether the department's nine-month rule constitutes a valid exercise of its delegated authority.

Although the plaintiff limits his challenge to the rule's being contrary to RSA 651:25, another statute also delegates authority to the commissioner to promulgate rules relative to the prison work release program. RSA 651:25 states that:

> "The commissioner of corrections may release any person who has been committed to the state prison at any time during the term of sentence for the purpose of obtaining and working at gainful employment or for such other purpose as may be deemed conducive to his rehabilitation, *for such times or intervals of time and*

*under such terms and conditions as may be prescribed by the commissioner pursuant to RSA 541-A. . . ."*

RSA 651:25, I. (Emphasis added.) The second statute, RSA 21-H:13 (Supp. 1987) (Rulemaking), provides in pertinent part that:

"The commissioner shall adopt rules, pursuant to RSA 541-A, relative to:

. . .

III. Standards for the management and operation of rehabilitation related programs, including, but not limited to:

. . .

(i) Work, *including the terms and conditions of work release. . . ."*

RSA 21-H:13, III(i) (Supp. 1987). (Emphasis added.) Both statutes refer to RSA chapter 541-A, the Administrative Procedure Act, which governs the procedure to be followed by any agency in promulgating rules. *See Petition of Daly*, 129 N.H. 40, 41, 523 A.2d 52, 53 (1986). The plaintiff makes no claim that the proper procedures were not followed.

The administrative rule challenged by the plaintiff provides in full as follows:

"Cor 309.03 *Eligible Entrants from Prison.*
[for Work Study Release]

(a) Prisoners eligible for entry into the work study release program from the prison population, including prisoners housed elsewhere, include those who meet the following criteria:

(1) Offense record
a. shall not be convicted of homicide, sexual assault, escape or serious assaultive offenses;

b. *If (sic) convicted of the offenses listed in (a.) above shall be within 6 months of a firm parole date* and shall be individually approved by the commissioner at the recommendation of the warden.

(2) Parole eligibility
a. shall be within 6 months of parole on the last sentence and have no detainers or warrants;

b. if detainers or warrants exist shall be individually approved by the commissioner at the recommendation of the warden.

(3) Conduct
a. shall have a prison conduct record clear of disciplinary actions for 60 days for minor disciplinary actions and 120 days for major disciplinary actions.

(4) Mental status
a. shall be favorably recommended by prisoner's mental health counselor and/or the classification board.

(5) Stability
a. shall have demonstrated mental and emotional stability and social responsibility in a minimum security setting or otherwise shall have demonstrated stability to the satisfaction of the warden.

(b) *Prisoners who do not meet the above criteria shall not be favorably considered for work study release programming* unless a specific exception is made by the commissioner in advance upon the written recommendation of the warden."

N.H. ADMIN. RULES, Cor. 309.03 (eff. Oct. 4, 1985). (Emphasis added.) Although the plaintiff argues that the "nine-month rule" is invalid, these regulations clearly require that an inmate be within six months of parole eligibility to be considered for the work release program. However, the plaintiff's argument that the commissioner's imposition of any period of time as an eligibility requirement for work release impermissibly restricts the intent and purpose of the statute is not affected by this apparent discrepancy, and we will refer to the rule as the "nine-month rule."

On appeal, the plaintiff argues that since the length of time to be served in prison is not specifically recited as a criterion in RSA 651:25, any rule that uses time remaining on a sentence to determine work release eligibility is invalid. In support of his position, the plaintiff contends that the rule fails to take into consideration that part of the statute that contemplates prisoner release "at any time," RSA 651:25, I, and argues further that the nine-month rule makes time the sole determining factor in selecting inmates eligible for the work release program. The plaintiff concludes that the court must declare the nine-month rule invalid because it unlawfully detracts from and modifies the statutory

intent found in RSA 651:25. *Reno v. Hopkinton*, 115 N.H. 706, 707, 349 A.2d 585, 586 (1975).

■■ In determining whether or not an administrative rule is valid, our inquiry is limited to whether the department only acted to "fill in details to effectuate the purpose of the statute." *Opinion of the Justices*, 121 N.H. 552, 557, 431 A.2d 783, 786 (1981) (quoting *Kimball v. N.H. Bd. of Accountancy*, 118 N.H. 567, 568, 391 A.2d 888, 889 (1978)). "If [an agency], in making a rule, acts beyond the limited discretion granted by a valid enactment, the rule is invalid." *In re Richard M.*, 127 N.H. 12, 17, 497 A.2d 1200, 1203 (1985) (quoting *Kimball v. N.H. Bd. of Accountancy supra*).

■ Our review of both RSA chapter 21-H and RSA 651:25 reveals that rehabilitation is clearly the legislative purpose underlying the work release program. In RSA chapter 21-H, the legislature directs that the commissioner adopt rules concerning the "[s]tandards for the management and operation of *rehabilitation related programs*, including . . . the terms and conditions of work release." RSA 21-H:13, III(i) (Supp. 1987). (Emphasis added.) The intent and purpose of RSA 651:25 is stated in its opening sentence, which provides that: "The commissioner . . . may release any person . . . *for the purpose of . . . gainful employment or for such other purpose as may be deemed conducive to his rehabilitation. . . .* " RSA 651:25, I. (Emphasis added.)

The details that the legislature charges the commissioner with promulgating are the "terms and conditions" of work release. RSA 21-H:13, III(i) (Supp. 1987); RSA 651:25, I. As part of these terms and conditions, the commissioner has established certain eligibility criteria. The plaintiff claims that the nine-month criterion is invalid. We disagree.

The trial court found that the nine-month criterion is reasonably related to the statutory purpose of rehabilitation. *See Hall v. County of Hillsborough*, 122 N.H. 448, 451–52, 445 A.2d 1125, 1128 (1982); *Kimball v. N.H. Bd. of Accountancy, supra* at 568–69, 391 A.2d at 889. Work release is contemplated as the last step before parole and is intended to prepare an inmate for a productive life beyond prison. Contrary to the plaintiff's claim, neither RSA 651:25 nor RSA chapter 21-H (Supp. 1987) requires the commissioner to exercise any greater discretion than is currently provided for in N.H. ADMIN. RULES, Cor. 309.03. *See State v. Evans*, 127 N.H. 501, 505–06, 506 A.2d 695, 698 (1985) (upholding commissioner's discretion in promulgating rules relative to rehabilitative programs under RSA chapter 21-H).

Moreover, the plaintiff's argument as a whole incorrectly characterizes this administrative rule. The rule specifically provides that any inmate can be considered for the work release program at any time if a specific exception is made by the commissioner "upon the written recommendation of the warden." N.H. ADMIN. RULES, Cor. 309.03(b). Nowhere in his argument does the plaintiff explain why this provision fails to provide him with all the relief he seeks in having the rule declared invalid, nor do we believe that he can.

The rule, as promulgated by the commissioner, does not "add to, detract from, or in any way modify" RSA 651:25, *Kimball v. N.H. Bd. of Accountancy*, 118 N.H at 568, 391 A.2d at 889, nor does it go beyond "filling in the details of the statute." *Id*. Therefore, we hold that the rule is valid and has the full force and effect of law. *Opinion of the Justices*, 121 N.H. at 559, 431 A.2d at 787.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.